928 F.2d 404
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James A. GARRETT, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 89-3167.
 United States Court of Appeals, Sixth Circuit.
 March 15, 1991.
 
 S.D.Ohio, 88-00640, Graham, J.
 S.D.Ohio
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr. and MILBURN, Circuit Judges, and ENGEL, Senior Circuit Judge.
 
 ORDER
 
 1
 James A. Garrett, a pro se federal prisoner, appeals the district court's order dismissing his motion to vacate sentence filed pursuant to 28 U.S.C. Sec. 2255. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 In 1985, Garrett pled guilty, pursuant to a Fed.R.Crim.P. 11 plea agreement, to one count of distribution of cocaine in violation of 21 U.S.C. Sec. 841. He was sentenced to eight years imprisonment, fined $10,000 and received a special three-year parole term. Following the filing of an unsuccessful motion for correction of sentence pursuant to Fed.R.Crim.P. 35, Garrett filed his Sec. 2255 motion. He asserted: (1) that his guilty plea was involuntary, because it was induced by threats made by the trial judge; (2) that the three-year special parole term was improperly imposed, because he was sentenced under 21 U.S.C. Sec. 841(b)(1)(A) and not Sec. 841(b)(1)(B); (3) that, at sentencing, he was denied the opportunity to object to inaccuracies in the pre-sentence investigation report, in violation of Fed.R.Crim.P. 32; and (4) that his trial counsel was ineffective.
 
 
 3
 After a review, the district court denied the motion to vacate, finding that Garrett had failed to show any error of constitutional magnitude. However, the district court did correct its judgment and commitment order pursuant to Fed.R.Crim.P. 36. The district court found that due to a clerical error the judgment and commitment order stated that Garrett was sentenced under 21 U.S.C. Sec. 841(b)(1)(A), when, in fact, he was sentenced under Sec. 841(b)(1)(B). Garrett has filed a timely appeal. In addition to the issues raised below, he asserts that the district court abused its discretion when it failed to hold an evidentiary hearing on his claim that his guilty plea was induced by threats from the trial judge.
 
 
 4
 Upon review, we conclude that Garrett has not established a denial of constitutional magnitude sufficient to entitle him to Sec. 2255 relief. United States v. Addonizio, 442 U.S. 178, 185 (1979). Moreover, the district court did not err in not holding an evidentiary hearing on Garrett's claims, because the record conclusively shows that he is not entitled to relief. Baker v. United States, 781 F.2d 85, 92 (6th Cir.), cert. denied, 479 U.S. 1017 (1986).
 
 
 5
 Although this case was held in abeyance pending the decision in United States v. Blackmon, 914 F.2d 786 (6th Cir.1990), the decision in that case is inapplicable in this instance because it only applies to offenses committed on or after November 1, 1987. Id. at 789.
 
 
 6
 Accordingly, the district court's judgment is hereby affirmed for the reasons stated in the district court's opinion and order dated January 27, 1989. Rule 9(b)(5), Rules of the Sixth Circuit.